UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLE CANDELARIA,

                    Plaintiff,

        v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. C13-5898 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

        This matter comes before the Court on Defendant United States of America's

("Government") motion to dismiss for lack of subject matter jurisdiction (Dkt. 10).  The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

        On March 16, 2012, the Department of Navy ("Navy") terminated Nichole

Candelaria's ("Candelaria") employment.  Dkt. 11, Declaration of Marion J. Mittet

("Mittet Dec."), Ex. 2; Ex. 3.  Following her termination, Candelaria filed a complaint

with the Office of Special Counsel ("OSC") asserting claims under the Whistleblower

Protection Act of 1989 ("WPA").  Mittet Dec., Ex. 4.  On June 26, 2012, the OSC

responded to Candelaria's complaint.  *Id.*  The OSC determined that Candelaria's

allegations did not constitute a protected disclosure.  *Id.* at 2.

On December 26, 2012, Candelaria filed an administrative tort claim with the

Navy.  Mittet Dec., Ex. 1.  Candelaria alleged wrongful termination and retaliation, as

well as negligence, gross negligence, defamation, and harassment.  *Id.* at 6.  On April 13,

2013, the Navy denied her claim.  Dkt. 1 at 5.

On October 9, 2013, Candelaria filed suit against the Government.  Dkt. 1.

Candelaria alleges wrongful termination and retaliation for whistleblowing activities, as

well as negligence, gross negligence, defamation, and harassment.  *Id.* at 4–6.  Candelaria

brings these claims under Washington's Law Against Discrimination ("WLAD"), public

policy of the State of Washington, Washington's Whistleblower Protection Act

("WWPA"), 5 U.S.C. § 2302(b)(8), and the Federal Tort Claims Act ("FTCA").  *Id.* at 5.

On July 23, 2014, the Government filed a motion to dismiss for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Dkt. 10.  On August

11, 2014, Candelaria responded.  Dkt. 12.  On August 15, 2014, the Government replied.

Dkt. 16.

## II. FACTUAL BACKGROUND

The Navy hired Candelaria as a mail and file clerk on July 6, 2010.  Dkt. 1 at 2.

Candelaria worked at the Manchester Fuel Depot ("Manchester").  *Id.*  During her

employment, Candelaria repeatedly expressed concerns of waste, fraud, and fiscal

mismanagement at Manchester to her supervisor, Robert Cairns ("Cairns").  *Id.* at 2–3.

1    Candelaria's concerns stemmed from the Navy's contract with a vendor, SAIC, Inc.  *Id.*

2    at 4.

3          On March 14, 2012, Cairns notified Candelaria that her employment would be

4    terminated for failing to perform her duties.  Mittet Dec., Ex. 3.  Candelaria subsequently

5    contacted the human resource ("HR") office and sought whistleblower protection.  Dkt. 1

6    at 4.  Candelaria was placed on administrative leave while HR investigated her

7    allegations.  *Id.*

8          On March 16, 2012, HR informed Candelaria that her allegations had been

9    deemed unfounded.  *Id.*  Candelaria's employment was terminated that day.  Mittet Dec.,

10   Ex. 2.

11                              **III. DISCUSSION**

12         Candelaria alleges claims under the WLAD, public policy of the State of

13   Washington, the WWPA, 5 U.S.C. § 2302(b)(8), and the FTCA.  The Government moves

14   to dismiss Candelaria's claims for lack of subject matter jurisdiction.  In response,

15   Candelaria argues that the Court has jurisdiction under the WLAD and the FTCA.

16   **A.    Motion to Dismiss Standard**

17         Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of claims if the

18   Court lacks subject matter jurisdiction.  Jurisdiction is a threshold issue that should be

19   addressed before considering the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S.

20   83, 94–96 (1998); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d

21   1146, 1148 (9th Cir. 2003).  A plaintiff against the government bears the burden of

22   establishing that jurisdiction exists.  *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d

817, 818 (9th Cir. 1995).  If the Court finds that it lacks subject matter jurisdiction, then it "must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**B.     The Government's Motion to Dismiss**

        **1.     State Law Claims**

Candelaria alleges claims under the WLAD, public policy of the State of Washington, and the WWPA.  Dkt. 1 at 5.  The Government argues that the Court lacks subject matter jurisdiction over Candelaria's state law claims because the United States has not waived its sovereign immunity for such claims.  Dkt. 10 at 5.

The United States may not be sued without its consent.  *United States v. Dalm*, 494 U.S. 596, 608 (1990).  "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).  If the United States has not consented to suit, however, the Court must dismiss the suit for lack of subject matter jurisdiction. *Allied/Royal Parking, L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999).

The United States has waived its sovereign immunity for employment discrimination claims under federal anti-discrimination statutes.  For example, Title VII provides the exclusive remedy for discrimination claims based on race, color, religion, sex, and national origin.  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).  Similarly, the Age Discrimination in Employment Act ("ADEA") provides the exclusive remedy for age discrimination claims brought by federal employees.  26 U.S.C. § 633(a).  Finally, the Rehabilitation Act provides the exclusive remedy for employment discrimination claims based on disability.  *Johnson v. Horne*, 875 F.2d 1415, 1420 (9th

Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).

As a federal employee, Candelaria's exclusive remedies for alleged discriminatory conduct by her employer are under Title VII, the ADEA, and the Rehabilitation Act. *See Brown*, 425 U.S. at 835; 29 U.S.C. § 633(a); *Johnson*, 875 F.2d at 1420. Candelaria, however, argues that her claims are "separate and apart" from the claims covered by Title VII. Dkt. 12 at 14. According to Candelaria, her claims fall under the WLAD instead of Title VII because her employment termination was in retaliation for whistleblowing. *Id.* Candelaria further argues that the Court has jurisdiction under the WLAD to hear her whistleblowing claims. *Id.*

Candelaria is correct that Title VII does not preclude her whistleblowing claims. The WLAD, however, does not confer jurisdiction on the Court. The United States has not waived its sovereign immunity for whistleblowing claims brought under state law, such as the WLAD. Instead, the WPA protects federal employees against retaliation for whistleblowing. *See* 5 U.S.C. § 2302(b)(8). Moreover, the Civil Service Reform Act ("CSRA") provides the exclusive remedy for whistleblowing claims brought by federal employees against their employers. *See Rivera v. United States*, 924 F.2d 948, 952–54 (9th Cir. 1991). The Court therefore does not have jurisdiction under the WLAD to hear Candelaria's state law claims, and grants the Government's motion to dismiss these claims.

## 2.     CSRA Claim

Candelaria also alleges a claim under the CSRA, 5 U.S.C. § 2302(b)(8).  Dkt. 1 at

5.  The Government argues that the Court lacks subject matter jurisdiction over this claim

because the CSRA preempts judicial review.  Dkt. 10 at 6.

The CSRA provides an administrative remedy to federal employees who challenge

prohibited personnel practices.  *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991).

Under the CSRA, retaliating against a federal employee for whistleblowing is a

prohibited personnel practice.  5 U.S.C. § 2302(b)(8).  Section 2302(b)(8), however, does

not confer jurisdiction on the Court.  Rather, the CSRA provides the exclusive remedy for

whistleblowing claims brought by federal employees against their employers.  *See*

*Rivera*, 924 F.2d at 952–54.

Under the CSRA, federal employees must first file a complaint with the OSC.

Any appeal is to the Merit Systems Protection Board ("MSPB").  5 U.S.C. §§ 1214(a)(3),

1221(a).  After exhausting the CSRA's administrative remedies, federal employees may

seek judicial review.  *Id.* § 1214(c)(1).  Judicial review, however, lies with the United

States Court of Appeals for the Federal Circuit.  *Id.* § 7703(b)(1)(A).  Accordingly, the

CSRA precludes judicial review by the Court over Candelaria's claim under 5 U.S.C.

§ 2302(b)(8).

Candelaria filed a whistleblowing claim with the OSC, but did not pursue an

appeal with the MSPB.  Mittet Dec., Ex. 4.  Even if she had exhausted her administrative

remedies with the CSRA, however, the Court would still lack jurisdiction over

Candelaria's claim.  *See* 5 U.S.C. § 7703(b)(1)(A).  The Court therefore grants the Government's motion to dismiss this claim.

### 3.    FTCA Claims

Finally, Candelaria alleges claims under the FTCA.  Dkt. 1 at 4–6.  The Government argues that the Court lacks subject matter jurisdiction over Candelaria's FTCA claims because the CSRA preempts judicial review.  Dkt. 10 at 8.

The FTCA is a limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b)(1), 2674.  Under the FTCA, district courts have jurisdiction over state law torts committed by federal employees within the scope of their employment.  *Id.* § 2679(b)(1).  The CSRA, however, preempts employment-related tort claims brought under the FTCA.  *See Mahtesian v. Lee*, 406 F.3d 1131 (9th Cir. 2005).  Accordingly, "[f]ederal employees alleging employment-related tort claims subject to the CSRA may not bring an action under the FTCA."  *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

As discussed above, the CSRA provides the exclusive remedy for federal employees who challenge prohibited personnel practices.  *Saul*, 928 F.2d at 833.  If a federal employee challenges conduct that falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA precludes federal courts from resolving the employee's claims under the FTCA.  *Orsay v. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002).

The CSRA defines "prohibited personnel practice" as "any 'personnel action' taken for an improper motive . . . by someone who has such authority."  *Brock v. United States*, 64 F.3d 1421, 1424 (9th Cir. 1995) (citing 5 U.S.C. § 2302(b)).  A "personnel

1  action" includes "any appointment, promotion, disciplinary or corrective action . . . or

2  any other significant change in duties, responsibilities, or working conditions." *Id.* (citing

3  5 U.S.C. § 2302(a)(2)(A)(i)–(xi)).  Given the CSRA's broad language, courts take an

4  expansive reading of the term "personnel action." *See, e.g.*, *Saul*, 928 F.2d at 834.

5         Candelaria attempts to avoid CSRA preemption by arguing that her FTCA claims

6  are not employment related. *See* Dkt. 12 at 17–18.  According to Candelaria, her claims

7  are based on the Government's negligent investigation and performance of operational

8  tasks rather than "prohibited personnel actions." *Id.* at 18–19.  Candelaria therefore

9  argues that her claims fall outside the scope of the CSRA. *Id.*

10        Although Candelaria attempts to argue otherwise, her FTCA claims are

11 employment related.  Indeed, the underlying basis for Candelaria's claims is her

12 employment termination.  For example, Candelaria alleges that she was wrongfully

13 terminated in retaliation for whistleblowing activities.  Dkt. 1 at 4–5.  Candelaria also

14 alleges that the Government conducted a negligent investigation into her allegations that

15 led to her termination. *Id.*; Dkt. 12 at 17.  Finally, Candelaria alleges that her supervisor,

16 Cairns, continues to lie about the circumstances surrounding her termination.  Mittet

17 Dec., Ex. 1 at 6.

18        Under the CSRA, employment termination is a "personnel action."  Terminating

19 an employee involves "disciplinary or corrective action," as well as a "significant change

20 in duties, responsibilities, or working conditions."  5 U.S.C. § 2302(a)(2)(A)(i)–(xi).

21 Moreover, retaliating against a federal employee for whistleblowing is specifically

22 prohibited under the CSRA. *Id.* § 2302(b)(8).  Candelaria is therefore challenging

1    conduct that falls within the scope of the CSRA's "prohibited personnel practices."

2    Accordingly, the CSRA preempts judicial review over Candelaria's FTCA claims.  The

3    Court grants the Government's motion to dismiss these claims.

4                                            **IV. ORDER**

5          Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt.

6    10) is **GRANTED**, and the Clerk shall close the case.

7          Dated this 2nd day of September, 2014.

8

9    _____

10   BENJAMIN H. SETTLE
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22